Paul Raven WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16585.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Ainslee Perrault, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., James Gullett, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Paul Raven Williams, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County of the offense of Unauthorized Use Of A Motor Vehicle; his punishment fixed at a term of not less than one (1) year nor more than three (3) years; and from said Judgment and Sentence a timely appeal has been perfected to this Court.

The trial testimony was not designated as part of the appeal record and a statement of facts is not deemed necessary because of the sole proposition asserted by the defendant. This proposition asserts that the trial court erred in not instructing the jury as to punishment provided by 22 O.S.Supp.1970, § 991a and 991c. Title 22 O.S.Supp.1970, § 991a provides:

"Whenever a person is convicted of any crime, except when the death sentence is imposed, the court shall either:

(1) Suspend the execution of sentence in whole or in part, with or without probation, provided when the court suspends execution of sentence in part, the court may not order the defendant held in the custody of the Department of Corrections for a period to exceed ninety (90) days. During such custody the defendant shall not be eligible to earn time reductions as otherwise provided by law, or

(2) Impose a fine as provided by law for the offense, with or without probation or commitment, or

(3) Commit such person for confinement as provided for by law.

Subsection (1) hereof shall not apply upon the third or subsequent conviction of a felony.

Probation, as used in this section, is a procedure under which a defendant, found guilty of a crime, is released by the court subject to conditions imposed by the court and subject to the supervision of the Division of Probation and Parole of the Department of Corrections. Such supervision shall be initiated upon an order of probation from the court, and such supervision shall not exceed five (5) years."

Title 22 O.S.Supp.1970, § 991c, provides:

"Upon a verdict or plea of guilty, but before a judgment of guilt, the court

may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court. Such conditions may include restitution when applicable. Upon completion of the probation term, which probation term under this procedure shall not exceed two (2) years, the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty shall be expunged from the record and said charge shall be dismissed with prejudice to any further action. Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 1 of this act. The deferred judgment procedure described in this section shall only apply to defendants not having been previously convicted of a felony."

We are of the opinion that both sections of· this statute pertain to the punishment powers of the Court and are discretionary with the Court by affording different means of imposing judgment and sentence. We have previously held that the granting of a suspended sentence is within the sole discretion of the trial judge, and recommendation by jury for suspended sentence is surplusage, improper and not binding on the Court. Riddle v. State, Okl.Cr., 374 P.2d 634 (1962).

The record reveals that the defendant did not request any instructions nor did he object to the instructions given by the Court. In the recent case of Schapansky v. State, Okl.Cr., 478 P.2d 912 (1971), we stated:

"Where counsel is not satisfied with instructions that are given, or desires court to give any particular instruction, or to more definitely or sufficiently state any propositions embraced in instructions, it is the duty of counsel to prepare and present to the court such desired instructions and request that it be given and in absence of such request, Court of Criminal Appeals will not reverse case if instructions generally cover subject matter of inquiry."

In conclusion we observe that the instructions are sufficient to cover the subject matter of inquiry and further that it would be improper for a trial court to instruct the jury as to the provisions of Title 22 O.S.Supp.1970, § 991a and 991c. The Judgment and Sentence is hereby affirmed.