Rophy Charles **BISHOP**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–303.

Court of Criminal Appeals of Oklahoma.

July 23, 1974.

Rehearing Denied Aug. 13, 1974.

Oyler & Smith and Hank Cooper, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron Wilhite, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Rophy Charles Bishop, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CFR–73–1703, for the offense of Robbery with Firearms, After Former Conviction of a Felony. After the jury returned a sentence of ten (10) years imprisonment, the trial court imposed judgment and sentence of ten (10) years imprisonment, with the last seven (7) years suspended. From said judgment and sentence a timely appeal has been perfected to this Court.

A discussion of the facts of the instant case will be omitted, as only a portion of the trial transcript was designated as part of the record, and as none of the three assignments of error raised in defendant's brief is at all related to the facts or evidence introduced at trial. Thus, the facts will be discussed only as they relate to the assignments of error.

The first issue raised on appeal is the exhibition of defendant's FBI rap sheet by the prosecutor to the trial court *after the jury had returned its verdict and had been excused*. [Emphasis ours] The rap sheet was introduced for the trial court's consideration in deciding whether, and in what amount, to set an appearance bond pending a pre-sentence report, and pending the imposition of sentence. Defendant at that time objected to the use of the sheet because some of the entries contained therein had not resulted in convictions. The following exchange took place:

"DEFENSE COUNSEL: Your Honor, I object to the State showing the Court the Rap Sheet for this reason, all of those entries that are made on there are not convictions and should not be considered against this Defendant.

THE COURT: Would you assume that I would consider them against him?

DEFENSE COUNSEL: Your honor, I don't know, but I know this, if I saw that kind of Rap Sheet it might stick in my mind. I am not criticizing the Court. I don't think the District Attorney should do that.

THE COURT: I encourage it in every case where I am considering bond because I think I need to consider everything I can find available in fixing a bond."

We do not feel that the use of the rap sheet under the instant circumstances was objectionable for two reasons. First, as defendant himself concedes, "prior convictions and pending charges might be beneficial to the court in determining bail and/or sentence." Thus, that portion of the rap sheet containing such entries was properly within the trial court's consideration. Secondly, we are not convinced that the entries in the rap sheet which did *not* result in convictions influenced the trial court whatsoever—in either setting bond or in imposing judgment and sentence. Despite the fact that the jury returned a ten year sentence (the statutory minimum for a felony after former conviction of a felony), the trial court suspended all but the first three years of the term. The court also set bond at the $5,000.00 figure requested by the defendant rather than the $10,000.00 figure requested by the prosecutor. Whatever may be the merits of the argument that rap sheet entries not resulting in convictions should not be used by a court in deciding questions of bond and sentencing, it is apparent that their use in the instant case was harmless error beyond a shadow of a doubt. Consequently, we find the first assignment of error to be without merit.

In his second assignment of error, defendant cites several remarks made by the prosecutor during the sentencing proceedings as being outside the bounds of proper argument. While the remarks quoted in defendant's brief would have been most improper if made before a jury, we agree with the State that the trial court was not prejudiced thereby. Indeed, a reading of the transcript of the proceedings shows that the trial court's decision on sentencing was arrived at in a calm, deliberate and fair-minded manner. Accepting arguendo, defendant's claim that the prosecutor's remarks were inflammatory, the leniency of the sentence imposed again negates any claim of prejudice. Thus, we find this assignment of error to be without merit.

Defendant's third assignment of error concerns the answers given by the trial court to two written questions asked by the jury after their deliberations had begun.

Two questions were asked, only one of which will be discussed:

"1. Can the sentence we assess be suspended?"

In open court, the trial court answered the first question as follows:

"The answer to that question number one is that the jury has no authority under the law to suspend a sentence. The matter of whether or not a sentence is to be suspended is within the discretion of the trial court."

Before the above answer was read to the jury, defense counsel objected, requesting the court to go further and tell the jury that, while it had no power to suspend a sentence itself, it could recommend in their verdict to the court that the sentence be suspended. The State correctly cites Williams v. State, Okl.Cr., 485 P.2d 473 (1971), wherein we stated:

" . . . the granting of a suspended sentence is within the sole discretion of the trial judge, and recommendation by jury for suspended sentence is surplusage improper and not binding on the Court. Riddle v. State, Okl.Cr., 374 P.2d 634 (1962)."

Thus, if a recommendation by the jury that the trial judge suspend the sentence is surplusage, then an instruction by the trial court that the jury could make such a recommendation would also be surplusage, and the refusal of the court to so instruct is not erroneous. We find that defendant's claim that the jury was deprived of an opportunity to express its view that leniency should be exercised is without merit, as this type of "expression of leniency" is improper and ineffective by virtue of the above cited authority. Whatever leniency the jury might have wished to exercise was exercised properly when they returned the minimum ten year sentence.

Finding no error which would justify modification or reversal, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.